The National Oak Leather Co. v. The Armour-Cudahy Packing Co.

CASE 94—PETITION ORDINARY—SEPTEMBER 29.

# The National Oak Leather Company v. The Armour-Cudahy Packing Company.

99 667<br>e117 455

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. SALES—VENDOR AND VENDEE—COUNTER-CLAIM.—The general doctrine is that when the vendee of goods uses them, he thereby accepts them, and can not recover for defects discovered before they were used; but where he had paid the purchase-price in advance upon the faith of the vendor's warranty, and before the defects were discovered or opportunity for their discovery offered in the ordinary course of business, and had given prompt notice to the vendor of the defects when discovered, which defects were substantially admitted, in a suit against him by the vendor for the price of a bill of goods subsequently received, he may be allowed to set up in his answer and counter-claim damages by reason of the defects in the first goods shipped.

2. INDEMNITY—VENDOR AND VENDEE.—Ordinarily the vendee can not prescribe the conditions on which he will return or surrender the goods, the quality of which he asserts does not satisfy the contract, but in this case where the original claim for damages remained unpaid, and necessary expenses having been incurred in preserving the goods, it had a right to retain part of the goods as indemnity for loss.

   The vendor being a non-resident of this State without property therein, the vendee was not required to let the whole or any part of its indemnity get out of its control or go to ruin.

BARNETT, MILLER & BARNETT FOR APPELLANT.

1. A purchaser of raw hides, bound in packs and shipped by car, is entitled to a full and fair opportunity of inspecting them before he is called upon to accept or reject them. Such a "receiving" is

The National Oak Leather Co. v. The Armour-Cudahy Packing Co.

not an "acceptance" of the hides so as to make the purchaser the owner of them.

The first judgment entered on June 23, 1892, immediately upon the conclusion of the trial, awarding defendant $117.39 upon its counter-claim and set-off, was sustained both by the law and the evidence. It was error to set it aside, and this court should now direct it to be re-entered. (Benjamin on Sales. (4th Am. ed.), secs. 140, 1049, and 1051; Jones v. McEwan, 91 Ky., 373; Dana v. Boyd, 2 J. J. M., 594; O'Bannon v. Relf. 7 Dana, 320; Kerr v. Smith, 5 B. M., 553; Overman v. Nelson, 15 Ky. L. Rep., 92; Mattingly v. Matthews, 14 Ky. L. Rep., 300; Caulkins v. Hellman, 47 N. Y., 449.)

2. The plaintiff being a non-resident of Kentucky, without any property in this State, subject to execution, the set-off and the counter-claim were properly pleaded and tried in this case. (Taylor v. Stovall, 4 Met., 175; Forbes v. Cooper, 88 Ky., 285.)

3. This common law action was tried on June 23, 1892, and judgment was rendered for defendant (appellant) upon its counter-claim and set-off, for $117.39. On the same day plaintiff (appellee) filed grounds, six in number, and moved for a new trial, which was then overruled and time given to file a bill of exceptions. It was error to set aside that judgment on July 11, 1892, and then after holding up the case until October 1, 1894, more than two years, reverse the whole proceedings, dismiss the counter-claim, and give judgment for plaintiff for $352, without a new trial having been actually had. (Houston v. Roach, 11 Ky. L. R., 52.)

4. It is well settled in Kentucky that money paid by mistake may be recovered back. The counter-claim alleges mistake on the part of the defendant in paying the money, and fraud on the part of the plaintiff. (Ray, &c., v. Bank of Kentucky, 3 B. M., 510; Underwood v. Brockman, 4 Dana, 309; City of Louisville v. Zanone, 1 Met., 151; City of Covington v. Powell, 2 Met., 226; City of Louisville v. Henning, 1 Bush, 383; City of Louisville v. Anderson, 79 Ky., 334; McMurtry v. Ky. Central R. R., 84 Ky., 465; City of Newport v. Ringo, 87 Ky., 635.)

GIBSON & MARSHALL FOR APPELLEE.

1. Receipt of goods will be treated as acceptance by the buyer if he be guilty of any act which he would have no right to do, except as the owner of the goods. After accepting the goods the vendee

can not claim a deduction from the contract price on the ground that they were not of the quality called for in the contract. In this case appellant, several months after full knowledge of the alleged defects in the hides, converted them into leather for its own use. (Parker v. Palmer, 4 B. & Ald., 387; Chapman v. Morton, 11 M. & W., 534; Cream City Glass Co. v. Friedlander 54 N. W. Rep.; Mattingly v. Matthews, 14 Ky. Law Rep., 300; Overman & Schrader v. Nelson, 15 Ky. Law Rep., 92; 12 Ky. Law Rep., 996; 2 J. J. M., 594; 7 Dana, 320; 5 B. M., 553.)

2. A purchaser can not refuse to accept goods, and accompany his rejection with conditions and terms upon which he will settle. He must either accept in whole or reject in whole. He can not select such of the articles as he might approve and arbitrarily throw the others back on the hands of the seller.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

This suit was brought by the appellee to recover of the appellant a balance alleged to be due on the purchase of a car load of native steer hides, shipped from South Omaha, Nebraska, to the appellant at Louisville, Kentucky.

The defense interposed was that on a former shipment of similar hides, and which had been paid for before opportunity for inspection and in fact before receiving them, the appellant was entitled to some $186 in damages by reason of the hides being inferior in quality to that warranted by the appellee, and further that material defects existed in the hides last shipped, and for which the suit had been brought, to the damage of appellant in the sum of $282, and that on an adjustment of accounts the appellee owed appellant $117.30. Upon a trial of the issues formed by the pleadings the court, without the intervention of a jury, found for the appellant in the sum of its counterclaim, but subsequently reversed its rulings and entered judgment for the appellee in the total sum claimed.

This latter finding, however, was not because of a lack of proof showing the inferior quality of the hides, for of the first car the court said: "When the car reached the city of Louisville, while the hides were being fleshed and inspected and examined by the defendants, it was found that one of said hides was that of a work ox, worth two cents per pound less than the price charged; that eight were hides of bulls, worth two and three-fourth cents per pound less than charged; that twelve were branded and worth one cent per pound less than charged; that 264 were badly cut and worth one cent per pound less than the price charged, and that said defects lessened the value of the car load of said hides by the sum of $186.40."

And of the second car the court said: "Said hides were examined and inspected by defendant, and 358 of them were found unnecessarily dirty, long haired, of inferior quality and under weight."

But the court finally denied the relief sought by the counterclaim, and to which the defendant had shown itself entitled by the proof, on the ground that "the defendant, by using the hides, accepted them," and it could not, therefore, recover for defects alleged to have been found before they were used.

This is clearly the general doctrine, but in this case the appellant had paid the purchase price for the first car load of hides on the faith of the appellee's warranty. The hides were received in the early part of July, 1889, and in due course went into the beam-house early in August. While in here the defects were noted. They could not have been discovered before in the ordinary run of the business. Notice of the defects was at once forwarded to appellee and damages demanded. The appellee responded in effect admit-

ting the inferior condition of the hides and promising a better showing on the second car load.

It said: "We had much reason to be dissatisfied with the take-off of our hides, and we have discharged the man who has been in charge of it. We have now one of the best men," etc.

The claim for reclamation was not denied, and while there is no express promise to allow it, such a promise is easily inferable. In a few days, however, the second car arrived, and the hides were found in worse condition than the first. After a further correspondence and the payment of a considerable sum for expense of preserving the hides so that they might be of some value to whomsoever might finally get them, the appellant agreed to deliver to the Ohio Falls Oak Leather Co., at the direction of the appellee, all the hides except eighty, which it proposed to reserve to pay damages. This offer was refused. Finally, all plans of adjustment failing, and the appellee at no time tendering or offering to make good the admitted damages accruing to the appellant, and it becoming manifest that the hides were about to spoil, the appellant sent to the appellee the price of the hides as stipulated in the contract, less its claim for damages as stated, and proceeded to use them in order to save them.

Keeping in mind that the vendor was a non-resident and without property in the State, we are at a loss to see what the appellant could have done in this case other than what it did do. Certainly it was not required to reject the first car load and look to the non-resident vendor to pay back the purchase price. Moreover, as we have seen, it was a most natural conclusion from the letters of the appellee that the claim for damages on that car load was admitted and would

be paid or allowed on the next settlement between the
parties.

When sued for the price of the second load we perceive no
reason why this admitted claim should not be allowed. As
to the second load it may be conceded that ordinarily the
vendee may not prescribe conditions on which he will return
or surrender the goods, the quality of which, he asserts, does
not satisfy the contract, but here the original claim was un-
paid and other necessary expenses had been incurred, and
certainly the vendee might at least retain the eighty hides
as indemnity for his loss. When he offered the balance to
appellee the offer was refused, and we think no law re-
quired him then to let the whole or any part of his indemnity
get out of his control or go to ruin.

The first judgment ought not to have been set aside, and
the judgment appealed from is reversed to the end that the
original judgment may be re-entered.